ORDERED.

**Dated: March 23, 2018**

_Roberta A. Colton_
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

Philip Decker,

    Debtor.

_____/

Chapter 7

Case No. 8:15-bk-06322-RCT

### ORDER GRANTING TRUSTEE'S MOTION
### TO SELL REAL PROPERTY AND PAY SECURED CREDITORS

3316 61st Ter E, Ellenton, FL 34222

THIS CASE came before the court to consider Chapter 7 Trustee, Traci K. Stevenson's ("Trustee") *Motion to Sell Real Property and Pay Secured Creditors* (the "Motion") (Doc. 95). The Motion was served upon all interested parties and a hearing was held on March 20, 2018. Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

1.    The notice of Motion is approved as proper and adequate under the circumstances.

2.    The Motion is GRANTED.

3.    The Trustee is authorized to sell the real property located at: LOT 4, OAKLEY PLACE, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 42, PAGES 46-56, PUBLIC RECORDS OF MANATEE COUNTY, FLORIDA, more commonly known as

3316 61st Ter E, Ellenton, FL 34222 (the "Real Property"), for $210,000.00 conditioned on the consent of its lienholder(s), and in accordance with the terms provided for in the Motion.

4. The Trustee is authorized to pay the secured mortgage creditor, (the "Secured Creditor") the full amount of their lien as of the date of closing or other amount agreeable to the Secured Creditor to release their lien.

5. The Trustee is authorized to take any and all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale, including, executing a deed conveying the interests of the Debtor in the Real Property to MICHAEL PROKOPENKO (the "Buyer").

6. Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of the Real Property will vest in the Buyer all right, title and interest of the Debtor and the bankruptcy estate in the Real Property, free and clear of the liens, claims or interests listed below (collectively, the "Affected Interests"):

    a. Philip Decker, Debtor, name on deed
    b. Ocwen Loan Servicing, mortgage lienholder

7. This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the Real Property.

8. The Buyer has not assumed any liabilities of the Debtor.

9. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with

respect to the real property included among the purchases assets; and (b) other anticipated closing costs (estimated below):

| | |
|---|---:|
| Total Sales/Brokers Commission: | |
| 2% to Century 21 Beggins | $4,200.00 |
| 2% to Century 21 Beggins | $4,200.00 |
| 2% to BK Global Real Estate Services | $4,200.00 |
| Title Charges: | $2,935.00 |
| HOA Estoppel | $1,425.81 |
| Bankruptcy Estate Fee (after $1,500 paid for Quit Claim Deed) | $9,000.00 |
| Ocwen Loan Servicing (home mortgage servicer) | $178,160.44 |
| Ditech – Junior Mortgage | $2,000.00 |

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard and with the consent of the lienholder, Secured Creditor and applicable homeowners association.

10. The Bankruptcy Estate Fee (carve-out) net amount of approximately $7,820.00 will be available to pay unsecured creditors.

11. Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyers on an "as is, where is" or "with all faults" basis.

12. Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

13. This court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer, (b) resolve any

disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

14.     The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

Traci Stevenson is directed to serve a copy of this Order on interested parties and file a proof of service within 3 days of entry of the Order.